NO. 07-10-00249-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
31, 2011

 



 

NORMA LINDA CARDENAS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,298; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND REMAND

            Appellant, Norma Linda Cardenas, filed a notice of appeal
from her conviction for murder and life sentence.  The Clerk of this Court received and filed
the trial court clerk’s record on August 8, 2010.  The trial court reporter’s record was
received on October 8.  Appellant’s brief
was originally due on November 8.  By
letter dated November 16, this Court notified appellant that her brief was past
due.  On November 22, appellant filed her
motion for extension of time in which to file her brief.  The Court granted that motion, making
appellant’s brief due December 8.  On
December 13, appellant filed her second motion for extension of time in which
to file her brief.  The Court granted
that motion as well, making the brief due January 7, 2011.  By letter dated January 14 and pursuant to
Texas Rule of Appellate Procedure 38.8, the Court notified appellant that her
brief was past due and that appellant’s brief was now due in this Court on or
before January 24.  Further, the Court
alerted appellant that failure to abide by this deadline would result in the
appeal being abated and remanded without further notice.  As of the date of this order, appellant has failed
to file her brief or a motion for extension of time to file her brief.

            Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine:
(1) whether appellant desires to prosecute this appeal; (2) if appellant
desires to prosecute this appeal, whether appellant is indigent and whether
appellant desires that counsel be appointed to represent her on the appeal; and
(3) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant’s appeal if appellant does not
desire to prosecute this appeal or, if appellant desires to prosecute this
appeal, to assure that the appeal will be diligently pursued.  If the trial court appoints counsel for
appellant or if appellant retains counsel, the trial court should cause the Clerk
of this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

            The
trial court is directed to (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk’s record; (3) cause the
hearing proceedings to be transcribed and included in a supplemental reporter’s
record; (4) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk’s record or the
supplemental reporter’s record; and (5) cause the records of the proceedings to
be sent to this Court.  See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental
clerk’s record, supplemental reporter’s record, and any additional proceeding
records, including any orders, findings, conclusions, and recommendations, are
to be sent so as to be received by the Clerk of this Court not later than March
2, 2011.    

 

                                                                                                Per
Curiam

 

Do not publish.

 

            








 






ght:200%'>s record, supplemental reporter=s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to
be received by the Clerk of this Court not later than August 31, 2011.            

 

Per
Curiam

Do not publish.